# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff,* | § | |
| vs. | § § | Civil Action No. 4:24-cv-02971 |
| **KEVAN CASEY, ET AL.,** | § § | |
| *Defendants.* | § | |

## DEFENDANT KEVAN CASEY'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Kevan Casey (deceased), as well as Relief Defendants Vertical Holdings, LLC, Dover Hill, LLC, GSK Strategies, LLC, and Carmel Ventures, LLC (collectively, the "**Relief Entities**") file this Motion to Dismiss ("**Motion**") the Complaint [ECF No. 1] brought by the Securities and Exchange Commission ("**SEC**").[1]

## INTRODUCTION

Kevan Casey is dead. He has been dead since he unexpectedly passed away on September 1, 2024. The SEC was made aware he died within days of his passing. Yet, the SEC has sat on its live Complaint for nearly six months. It is undisputed that a dead defendant is not a proper party, nor one whom a judgment may be obtained against. Nor can an ancillary claim for unjust enrichment against the Relief Entities be maintained, which is derivative of an action against Mr. Casey.

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), Mr. Casey and the Relief Entities join their co-Defendants' forthcoming motions to dismiss the Plaintiff's Complaint. The arguments made in the forthcoming motions are adopted in whole and incorporated herein.

**DEFENDANT KEVAN CASEY'S MOTION TO DISMISS – PAGE 1**

But well over 90 days passed, and the SEC chose not to file a motion for substitution within the timeframe required. *See* Fed. R. Civ. P. 25. Instead, the SEC "have chosen to stand or fall on the one they filed" on August 9, 2024. *Wilson v. Novartis Pharms. Corp.*, 2013 WL 593895, at *11 (N.D. Tex. Feb. 15, 2013), *aff'd*, 575 F. App'x 296 (5th Cir. 2014).

At the January 28, 2025 conference, the Court strongly encouraged Senior Trial Counsel Richard Harper of the SEC's Boston Regional Office to put the SEC's best complaint forward and then the Defendants could file their respective motions to dismiss. The SEC chose not to do so and instead sat on its flawed complaint. Consequently, this Motion should be granted under Rule 12(b)(6).[2]

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

In accordance with paragraph 7.A(2) of Your Honor's Court Procedures, this case is at the motion to dismiss stage. No answers to the Complaint have been served. Leave was granted to file this Motion at the January 28, 2025 conference before the Court.

## STATEMENT OF THE ISSUES

In accordance with paragraph 7.A(3) of Your Honor's Court Procedures, Defendant Casey states that the issue (including the standard of review) to be ruled upon by the Court in this Motion is the following:

1. Whether dismissal of Mr. Casey (including ancillary claims for unjust enrichment against the Relief Entities) from the suit is warranted under Federal Rule of Civil

---

[2] This Motion and the arguments made herein are expressly made solely on behalf of and limited to the deceased Mr. Casey and the Relief Entities in the live Complaint before them [ECF No. 1]. The Motion does not conjecture arguments that could be made with respect to an amended complaint or any untimely substituted parties.

Procedure 12(b)(6) because he is dead. *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995) ("Civil suits may be maintained only by or against parties having an actual or legal existence."). The Fifth Circuit reviews the district court's legal conclusions *de novo*. *Texas v. United States*, 497 F.3d 491, 495 (5th Cir. 2007).

## SUMMARY OF THE ARGUMENTS

In accordance with paragraph 7.A(4) of Your Honor's Court Procedures, the Court should dismiss the Complaint as to Mr. Casey and the Relief Entities for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Defendant Casey is dead.

## BACKGROUND

### I. THE COMPLAINT

On August 9, 2024, the SEC filed an 8-count Complaint against (1) Kevan Casey, (2) Jonathan Friedlander, (3) Adrian James, (4) Robert Wheat, (5) Vertical Holdings, LLC, (6) Dover Hill, LLC, (7) GSK Strategies, LLC, (8) Carmel Ventures, LLC, (9) ALS Investments, LLC, (10) Highbridge Consultants, LLC, (11) Adrian James as the Trustee of the ASJ Living Trust, (12) Esports Group, Inc., (13) Oak Grove Asset Management, Inc., and (14) YSW Holdings, Inc. [ECF No. 1.]

The Complaint alleges in generalized and conclusory terms that Mr. Casey orchestrated an undefined "multi-year securities fraud scheme" with the co-defendants. [*Id.* ¶ 1.] According to the SEC, the scheme involved Mr. Casey and/or other defendants: (1) acquiring shares in a series of "microcap" companies, (2) taking those companies public, and (3) selling stock. The companies whose stocks were involved in the purported

scheme were CNS Pharmaceuticals, Inc., Soliton, Inc., Esports Technologies Inc., Volcon, Inc., and Sidus Space, Inc.

Based on scant factual allegations, the SEC purports to assert the following causes of action: (1) violation of Section 17(a) of the Securities Act of 1933 (the "**Securities Act**") against the individual defendants, (2) violations of Section 10(b) of the Securities Exchange Act of 1934 (the "**Exchange Act**") against Messrs. Casey and Friedlander, (3) violations of Section 10(b) of the Exchange Act against James and Wheat, (4) violations of Section 13(d) of the Exchange Act against Messrs. Casey, Friedlander, and James, (5) violations of Section 16(a) of the Exchange Act against Messrs. Casey and Friedlander, (6) violations of Sections 5(a) and 5(c) of the Securities Act against Mr. Casey, (7) violations of Section 20(b) of the Exchange Act against Messrs. Casey, Friedlander and Wheat, and (8) unjust enrichment against the entity defendants.

## II. PROCEDURAL BACKGROUND

Mr. Casey and the Relief Entities waived service on August 27, 2024. [ECF Nos. 15–19.] On September 1, 2024, Mr. Casey unexpectedly passed away. [ECF No. 42 at 2.] In early September 2024, counsel for Mr. Casey informed the SEC that Mr. Casey had passed away over Labor Day weekend. [ECF No. 56 at 5.] Then, the Court set the "deadline for Defendants to respond to the complaint" "to the earlier of (i) thirty (30) days following an entry of an Order on the SEC's anticipated motion to substitute the estate representative of Kevan Casey, or (ii) 90 days from entry of this Order," or January 13, 2025. [ECF No. 46.]

On January 10, 2025, Mr. Casey filed a Pre-Motion Letter Conference Request re: Motion to Dismiss, which argued, among other things, that the "SEC affirmatively waived its claim by failing to timely file any motion to amend, extend, or substitute," pursuant to Federal Rule of Civil Procedure 25(a)(1). [ECF No. 58.] The SEC filed an opposition on January 14, 2025. [ECF No. 62.] The Court set a Pre-Motion Conference on January 14, 2025 [ECF No. 63] (later reset by ECF No. 67) for January 28, 2025. The evening before the Pre-Motion Conference, on January 27, 2025, the SEC filed a purported "Joint Request for Pre-Motion Conference" seeking to amend the deadline to amend pleadings and stating that "the SEC likewise does not currently have sufficient information to identify the 'proper party' that would be an adequate substitute under Federal Rule 25 for Kevan Casey, whose counsel has stated he passed away." [ECF No. 68 at 2.] The SEC noted Mr. Casey's position in objection that "the Staff[] waive[d] any substitution of parties as a result of inaction spanning five months." [*Id.*]

At the January 28, 2025 conference, the Court granted Defendants leave to file motions to dismiss and requested the parties file joint proposed briefing schedules for an amended complaint, and then, a Rule 12(b) motion to dismiss briefing schedule. On January 31, 2025, the Court entered a scheduling order on Defendants' anticipated motions to dismiss under Rule 12(b), (e), or (f) and set the deadline to February 21, 2025. [*See* ECF No. 72.]

On February 20, 2025, the SEC waited until the day before Defendants' deadline to file a Rule 12 motion to dismiss the live Complaint, to files it untimely motion to substitute

Mr. Casey's widow, Tabitha Casey, in her capacities as executor of Mr. Casey's estate and trustee of the Casey Living Trust, for Defendant Kevan Casey. [*See* ECF No. 76.]

## LEGAL STANDARD

To state a claim upon which relief may be granted under Rule 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *In re Dynegy, Inc. Secs. Litig.*, 339 F.Supp.2d 804, 819 (S.D. Tex. 2004).

## LEGAL ARGUMENTS

The SEC cannot maintain a claim against Mr. Casey because he is dead and thus, lacks legal status. Likewise, derivative claims cannot be maintained against the Relief Entities. Moreover, substitution of an estate representative is untimely and thus futile. Accordingly, dismissal of Mr. Casey and the Relief Entities is warranted.

### I. THE SEC CANNOT MAINTAIN THE ACTION AGAINST A DEAD PERSON.

Capacity "concerns a litigant's legal authority or power to sue or be sued." *Chemguard Ltd. v. Dynax Corp.*, No. 4:09-CV-524-Y, 2010 WL 11619571, at *2 (N.D. Tex.

Apr. 1, 2010) (internal citation omitted). Under Texas law[3], "[c]ivil suits may be maintained only by or against parties having an actual or legal existence." *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995). "Common examples of persons whose legal status leaves them without capacity to personally litigate their interests are dead persons, minors, and incompetent persons." *Chemguard*, 2010 WL 11619571, at *2 (citing *Tex. Employers' Ins. Ass'n v. Ramsey*, 740 S.W.2d 3, 4 (Tex. App.—El Paso 1987, writ denied) ("Dead persons, infants and incompetents are legally disqualified as parties to lawsuits.")). "[A] party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). "To be subject to suit in Texas, an entity must enjoy a separate legal existence." *Gonzalez v. Comal Cnty. Sheriff's Office*, No. SA-21-CV-01124-XR, 2022 WL 526238, at *2 (W.D. Tex. Feb. 18, 2022).

Here, Mr. Casey is dead and to proceed with him as a named Defendant in his individual capacity (which he lacks) is a legal nullity. *See Klose v. N-Tex Sand & Gravel, LLC*, No. 06-24-00017-CV, 2024 WL 4116885, at *4 (Tex. App.—Dallas Sept. 9, 2024, no pet.) ("Because the final judgment against [defendant] is against a dead person and no other party was properly substituted under Rule 152 of the Texas Rules of Civil Procedure at the trial court level, we find that the judgment in the underlying action is void."); *accord*

---

[3] Pursuant to Federal Rule of Civil Procedure 17(b)(1), capacity to be sued is determined by the law of the individual's domicile. *See also Severin v. Par. of Jefferson*, 357 F. App'x 601, 604 (5th Cir. 2009) "("Federal law . . . relies on state law to determine if a party can be named as a defendant to a lawsuit."). Here, the Complaint alleges that Mr. Casey resided in Texas, [Compl. ¶ 19], and thus, Texas capacity law applies.

**DEFENDANT KEVAN CASEY'S MOTION TO DISMISS – PAGE 7**

*Balistreri-Amrhein v. Universal Ins. Co. of N. Am.*, No. 4:23-CV-00776-ALM-AGD, 2024 WL 4234488, at *1 (E.D. Tex. Aug. 26, 2024), *R&R adopted*, 2024 WL 4230483 (E.D. Tex. Sept. 18, 2024) ("the court recommends the claims of [deceased] **DISMISSED** with prejudice because, as a deceased person, he is not a real party in interest"; "the dead lack such legal existence").

In short, the Complaint improperly pleads, and names a legal fiction as an individual defendant—a dead person—Mr. Casey. Accordingly, dismissal of Mr. Casey is warranted. *See Cheramie v. Orgeron*, 434 F.2d 721, 723 (5th Cir. 1970) ("With regard to these living defendants, even if the action did abate from lack of substitution of parties, the rule is clear that the death of one defendant and a resulting abatement of an action against him does not abate the action as to remaining defendants.").

## II. SUBSTITUTION OF AN ESTATE REPRESENTATIVE IS FUTILE UNDER RULE 25.

Rule 25(a) of the Federal Rule of Civil Procedure states in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the ***action by or against the decedent must be dismissed***.
> . . .
> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

(emphasis added). Thus, because the SEC failed to file a motion for substitution within the 90-day window, substitution at this late stage is futile.

## III. THE RELIEF ENTITIES ARE COLLATERAL AND MUST BE DISMISSED.

With respect to the Relief Entities, as alleged by the Complaint, the unjust enrichment cause of action against them is ancillary to a finding against Mr. Casey. [*See* ECF No. 1, ¶ 170 ("Relief Defendants should each be ordered to disgorge the proceeds they received ***as a result of the Defendants' violations*** of the federal securities laws.") (emphasis added).] In other words, because there can be no finding of a violation of securities laws as to the deceased Mr. Casey, *see supra* Section I, then there can be no claim as to the Relief Entities alleged to be under his control. [*See* No. 1, ¶ 11.]

Accordingly, the unjust enrichment claim as to Relief Defendants Vertical Holdings, LLC, Dover Hill, LLC, GSK Strategies, LLC, and Carmel Ventures, LLC should be dismissed from the Complaint. *Allstate Ins. Co. v. Donovan*, No. CIV.A. H-12-0432, 2012 WL 2577546, at *18 (S.D. Tex. July 3, 2012) ("When a complaint fails to articulate an actual claim upon which unjust enrichment may be granted as a form of equitable relief, the unjust enrichment claim must be dismissed pursuant to Rule 12(b)(6)."); *Applin v. Deutsche Bank Nat. Tr.*, No. CIV.A. H-13-2831, 2014 WL 1024006, at *7 (S.D. Tex. Mar. 17, 2014) ("in light of the court's dismissal of the [plaintiff's] other claims, there is no valid cause of action which would support granting the equitable remedy of unjust enrichment").

## CONCLUSION

For the foregoing reasons, Defendant Kevan Casey (deceased) and the Relief Defendants request the Court dismiss them from this action.

Dated: February 21, 2025.                    Respectfully submitted,

                                                 */s/ Jason S. Lewis*
                                                Jason S. Lewis (Attorney-In-Charge)
                                                  Texas Bar No. 24007551
                                                  S.D. Tex. Bar No. 430226
                                                  Jason.lewis@us.dlapiper.com
                                                Ryan D. Lantry
                                                  Texas Bar No. 24125130
                                                  S.D. Tex. Bar No. 3857421
                                                Ryan.lantry@us.dlapiper.com
                                             **DLA P**IPER **LLP (US)**
                                             1900 N. Pearl Street, Suite 2200
                                             Dallas, Texas 75201
                                             Telephone: (214) 743-4500
                                             Facsimile: (214) 743-4545

                                             ***ATTORNEYS FOR DEFENDANT KEVAN CASEY AND RELIEF DEFENDANTS VERTICAL HOLDINGS, LLC, DOVER HILL, LLC, GSK STRATEGIES, LLC, AND CARMEL VENTURES, LLC***

## CERTIFICATE OF SERVICE

I certify that on February 21, 2025, a true and correct copy of the foregoing document was delivered via the Court's electronic filing system to all counsel of record.

                                        */s/ Jason S. Lewis*
                                        Jason S. Lewis

## CERTIFICATE OF CONFERENCE

I, Ryan D. Lantry, hereby certify that on January 10, 2025, I met and conferred over videoconference with counsel for Plaintiff Securities and Exchange Commission regarding Defendant Kevan Casey and Relief Defendants Vertical Holdings, LLC, Dover Hill, LLC, GSK Strategies, LLC, and Carmel Ventures, LLC grounds for dismissal of Plaintiff's Complaint. However, the issues discussed in this motion remain disputed and opposed.

                                        */s/ Ryan D. Lantry*
                                        Ryan D. Lantry