UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

CASE NO. 4:24-cv-2971

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JONATHAN FRIEDLANDER, ADRIAN JAMES, ROBERT WHEAT, and TABITHA CASEY, AS THE EXECUTOR OF THE ESTATE OF KEVAN CASEY AND TRUSTEE OF THE CASEY LIVING TRUST, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| VERTICAL HOLDINGS, LLC, DOVER HILL, LLC, GSK STRATEGIES, LLC, CARMEL VENTURES, LLC, ALS INVESTMENTS, LLC HIGHBRIDGE CONSULTANTS, LLC, ADRIAN JAMES AS THE TRUSTEE OF THE ASJ LIVING TRUST, ESPORTS GROUP, INC. OAK GROVE ASSET MANAGEMENT, INC. and YSW HOLDINGS, INC. | ) ) ) ) ) ) ) ) ) ) |
| Relief Defendants. | ) ) |

**SEC'S UNOPPOSED MOTION TO STAY**

Plaintiff Securities and Exchange Commission (the "SEC") respectfully moves for a stay of proceedings in this case until after the ongoing federal government shutdown has ended. The reasons in support of this motion are set forth below:

1. Under the Court's Docket Control Order, dated December 6, 2024 (Dkt. No. 57), discovery in this case is currently scheduled to end on December 31, 2025 and dispositive motions are due on January 7, 2026. To accomplish those deadlines, the parties have served

written discovery, most of the defendants and relief defendants have responded to written discovery, and a number of party and non-party depositions have been scheduled.

2. As of October 1, 2025, due to a lapse in appropriations, the federal government has shut down. As a result of the shutdown, SEC attorneys and employees have been furloughed and are prohibited from working--even on a voluntary basis--except in limited circumstances.

3. Since the shutdown began, the SEC's counsel have been precluded from working on this case, which includes reviewing defendants' discovery responses, responding to the discovery propounded by defendants, and preparing for the depositions the SEC has noticed and subpoenaed.[1]

4. Under the circumstances, the SEC submits that it is appropriate to the stay this matter until the SEC has once again received federal appropriations and is completely reopened. The SEC proposes that the parties will confer concerning a new proposed schedule for this case and will propose such a schedule to the Court within seven days after the shutdown has ended.

5. The SEC further requests that because it is not able to work on responses to defendants' discovery requests during the shutdown, that its responses to those requests be due 30 days after the shutdown has ended, which is the standard amount of time permitted for such discovery responses.

6. Also, because the SEC is not able to prepare for depositions, and some of the noticed depositions did not comport with defendants' schedules, the SEC suggests that all currently-noticed or currently-subpoenaed depositions will not take place on the currently scheduled dates, and the parties will confer concerning a new schedule for depositions within

---

[1] The SEC's undersigned counsel has been furloughed, but was granted an exception to work (without pay) for the limited purpose of preparing and filing this motion and conferring with counsel about it.

within seven days after the shutdown has ended.

7. The SEC is seeking this stay only because of the current lapse in federal appropriations and the ongoing federal government shutdown. It is not seeking this stay in an effort to delay these proceedings.

8. As of July 8, 2025, Defendants' motions to dismiss the Amended Complaint were fully briefed and remain pending before the Court. *See* Dkts. 97, 99, 100, 106, 109, 110, 111, 116, 117, 118. Likewise, the Motion for Reconsideration or, Alternatively, for Interlocutory Certification of Defendant Tabitha Casey, in her capacities as executor of Kevan Casey's estate and trustee of the Casey Living Trust, is fully briefed and remains pending before the Court. *See* Dkts. 113–15.

9. Counsel for the SEC has conferred with counsel for the defendants and relief defendants, and they do not oppose this motion

Accordingly, the SEC respectfully requests that the Court enter the proposed order submitted herewith that stays the case and extends other discovery deadlines.

October 23, 2025                                  Respectfully submitted,

*/s/ Kathleen Burdette Shields*
Kathleen Burdette Shields
Jonathan T. Menitove
Jeffrey T. Cook
Alexandra B. Lavin
Boston Regional Office
33 Arch Street, 24th Floor
Boston, Massachusetts  02110
(617) 573-8900 (Main)
(617) 573-4590 (Facsimile)
ShieldsKa@sec.gov
MenitoveJ@sec.gov
*Attorneys for Securities and Exchange Commission*

**CERTIFICATE OF CONFERENCE**

 I hereby certify that I have conferred with counsel for the defendants and relief defendants by email prior to the filing of this motion. As noted in the motion, the parties consent to the entry of the attached proposed order.

            /s/ *Kathleen Burdette Shields*
            Kathleen Burdette Shields

**CERTIFICATE OF SERVICE**

 I hereby certify that on October 23, 2025, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case.

            /s/ *Kathleen Burdette Shields*
            Kathleen Burdette Shields